UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY A. GASAWAY,

      Plaintiff,

v.

                                 CASE No. 8:06-CV-1869-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

_____

ORDER

      The plaintiff in this case seeks judicial review of the denial of

her claim for Social Security disability benefits[2]. Because the decision of the

Commissioner of Social Security is supported by substantial evidence, the

decision will be affirmed.

I.

      The plaintiff, who was forty-four years old at the time of the

administrative hearing and who completed some college (Tr. 705-06), has

---

[1]Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

been employed as a machine operator, waitress, cashier, and parts assembler (Tr. 86). The plaintiff filed a claim for Social Security disability benefits, alleging that she became disabled due to left leg pain and swelling (Tr. 85). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of superficial peroneal nerve injury, complex regional pain syndrome, degenerative disc disease, angina, and obesity (Tr. 18). The law judge also found that the plaintiff does not have a severe mental impairment (id.). The law judge determined that the plaintiff's impairments limited her to sedentary work (Tr. 22). In view of this finding, the law judge concluded that the plaintiff was unable to return to her past work (id.). However, based upon the plaintiff's residual functional capacity, her age and her education, the law judge ruled that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 23). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."    42 U.S.C. 423(d)(1)(A).    A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

-3-

conclusion is not enough to justify a reversal of the administrative findings."
Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert.
denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the
courts, to resolve conflicts in the evidence and to assess the credibility of the
witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it
is the responsibility of the Commissioner to draw inferences from the
evidence, and those inferences are not to be overturned if they are supported
by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.
1963).

Therefore, in determining whether the Commissioner's decision
is supported by substantial evidence, the court is not to reweigh the evidence,
but is limited to determining whether the record as a whole contains sufficient
evidence to permit a reasonable mind to conclude that the claimant is not
disabled.  However, the court, in its review, must satisfy itself that the proper
legal standards were applied and legal requirements were met.  Lamb v.
Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

-4-

B.  The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims.  Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity.  In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.  Id.

### III.

The plaintiff challenges the law judge's decision on three grounds.  None warrants reversal.

The plaintiff argues, first, that the law judge failed to give appropriate weight to the opinion of treating physician Dr. Richard D. Vitalis. This argument is unpersuasive.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). In this case, the law judge reasonably concluded that Dr. Vitalis's opinion was not bolstered by the evidence.

Dr. Vitalis filled out a lower extremities impairment questionnaire in which he opined that the plaintiff was limited, among other things, to lifting up to five pounds occasionally, and sitting, standing, and walking up to one hour in an eight-hour workday (Tr. 322-23). He added that the plaintiff had to elevate her leg often, was unable to perform even low stress work, and required unscheduled breaks every twenty to thirty minutes

for thirty to forty minutes (Tr. 323-25). In short, Dr. Vitalis indicated that,

in his opinion, the plaintiff was totally disabled.

The law judge stated that he was giving Dr. Vitalis's opinion

little weight (Tr. 20). He explained that he reached that conclusion for the

following reasons (id.):

> It is rather extreme given the evidence of record.
> [Dr. Vitalis] placed the described severity of the
> claimant's condition back to mid-February 2003.
> She was clearly ambulatory in the year 2003.
> Muscle atrophy was not a clinical finding, and
> range of motion was maintained. The opinion is
> not even consistent with the claimant's own
> reported ability for prolonged sitting, although the
> claimant has not been consistent in her statements
> regarding her ability to sit.
>
> In addition, if the claimant must get up and
> move around every 30 minutes as indicated by Dr.
> Vitalis, she is impliedly capable of getting up and
> moving around. Also, some of Dr. Vitalis' opinion
> appears to be based on the effect of depression
> which the undersigned has found to be mild during
> most of its duration for reasons already discussed
> within this decision.
>
> On the whole, the undersigned concludes
> that claimant and Dr. Vitalis' descriptions to be
> somewhat extreme given the evidence of record.
> By implication, the veracity of the need to lie down
> during the day and to elevate her leg is

> questionable. In short, based on the evidence of
> record, the undersigned reasons that the claimant's
> primary problem is left leg pain that is subject to
> exacerbation on strenuous activity or prolonged
> walking, but not to the degree or frequency that
> would prevent sedentary work.

This statement provides good cause for discounting Dr. Vitalis's

opinion. The law judge could reasonably conclude that neither the objective

findings in Dr. Vitalis's notes, nor any findings in any other medical record,

indicate that the plaintiff is suffering from a totally disabling left leg

condition. It is telling in this respect that the plaintiff in her argument on this

point does not cite to any medical evidence supporting Dr. Vitalis's opinion

(see Doc. 15, pp. 15-17).

The plaintiff also challenges the law judge's discounting of Dr.

Vitalis's opinion by asserting that it is unclear what statement regarding the

plaintiff's ability to sit the law judge was referring to in his decision (id. at p.

16). It is evident to me that the law judge was referring to the plaintiff's

statement to Dr. Luis C. Ramos, an examining physician, that she "can remain

in a sitting position for prolonged periods of time" (Tr. 187). That statement

contradicts Dr. Vitalis's assessment of the plaintiff's ability to sit and

supports the law judge's finding that the plaintiff can perform sedentary work.

The plaintiff suggests that controlling weight was improperly given to the opinions of state agency reviewers (Doc. 15, p. 16). However, the law judge merely stated that the opinions were "generally persuasive and consistent with the evidence of record" (Tr. 20). This unspecific statement seems little more than a perfunctory attempt to comply with the law judge's obligation to state the weight afforded to such opinions. See 20 C.F.R. 404.1527(f)(2)(ii). Importantly, the law judge did not accept those opinions. Thus, both reviewers opined that the plaintiff could perform light work (Tr. 168, 312). The law judge did not agree with those opinions, but rather found that the plaintiff could only perform sedentary work.

Furthermore, the plaintiff's contention that the law judge should have recontacted Dr. Vitalis is unpersuasive. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 2006 WL 3028228 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 2005 WL 1414406 (11th Cir. 2005)(unpub. dec.). In light of the 721-page administrative transcript, the record cannot plausibly

-9-

be said to have gaps. Moreover, this is not a situation where Dr. Vitalis's views are unclear; rather, they have been rejected because they are unsubstantiated by the evidence of record. In that circumstance, recontacting the doctor is unwarranted.

The plaintiff therefore has failed to provide any basis for overturning the law judge's determination that Dr. Vitalis's opinion should be discounted.

The plaintiff argues, second, that the law judge erred in determining that the plaintiff does not have a severe mental impairment. The court of appeals has stated that "an impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

The law judge recognized that the plaintiff had a mental impairment, but concluded, as indicated, that it was a nonsevere impairment. In this respect, he stated (Tr. 18):

Except for a short-lived single episode of depression, the claimant has presented rather well upon examination. She has maintained a number of activities such as crotchet, and she has a history of denying napping during the day. She has also been described as coping appropriately with stressors.

The evidence does not compel a different conclusion. The plaintiff has been seen at a VA facility by Dr. Maria C. Catalano, a psychiatrist. Dr. Catalano has not stated any opinion setting forth mental functional limitations. Accordingly, in asserting that the plaintiff has a severe mental impairment, she seeks to rely upon Global Assessment of Functioning ("GAF") scores estimated by Dr. Catalano. Thus, Dr. Catalano assigned to the plaintiff on a number of occasions a GAF of 58. This score is near the high end of a range reflecting moderate symptoms or moderate difficulty in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders (4th ed. text rev.) ("DSM-IV-TR"), p. 34.

Reliance upon a GAF score is of questionable value in determining an individual's mental functional capacity. See DeBoard v. Commissioner of Social Security, 2006 WL 3690637 at ** 3-4 (6th Cir. 2006)(unpub. dec.). In any event, the plaintiff's most recent GAF score was

65 (Tr. 578). This reflects overall functioning at the mid-range of some mild symptoms or some difficulty in social, occupational or school functioning but generally functioning pretty well. DSM-IV-TR, p. 34. This score supports the law judge's finding of a nonsevere mental impairment.

The finding is also supported by an opinion of a nonsevere mental impairment from a nonexamining reviewing psychiatrist (Tr. 175). Furthermore, at the hearing the plaintiff was asked how her depression affects her, and she gave no substantive answer (Tr. 715). Consequently, her own testimony does not support a severe mental impairment.

The plaintiff asserts that the GAF of 65 was simply the last assessment in the record and there is no indication that this improvement would continue (Doc. 15, p. 18). This speculative uncertainty provides no basis for overturning the law judge's finding. Moreover, the plaintiff's improvement in her mental status apparently resulted from her regaining custody of one of her sons (Tr. 577). There is no indication that the removal of this stressor was not going to continue.

Under these circumstances, the evidence clearly does not compel a finding that the plaintiff has a severe mental impairment.

-12-

The plaintiff's final argument is that the law judge erred in analyzing her subjective complaints. This contention also lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints (id.). He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment as to whether the proper standard was applied and whether the finding is supported

by substantial evidence.  See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). Thus, if the law judge discredits the plaintiff's subjective testimony, he must articulate explicit and adequate reasons for doing so. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).

The law judge, citing Landry v. Heckler, supra, recognized the proper standard for evaluating plaintiff's subjective complaints (Tr. 19). The plaintiff complains, however, that the law judge's credibility determination was limited to a single sentence (Doc. 15, p. 19): "The undersigned finds the claimant not totally credible" (Tr. 19).   That is not correct. In the next paragraph, the law judge states (id.):

> In the medical evidence, the claimant admitted to
> having an ability for prolonged sitting (Exhibit
> 10F). This sitting ability is consistent with the
> residual functional capacity for sedentary work,
> and the evidence of record.

-14-

He then goes on to discuss the evidence further, showing why the plaintiff's statements are inconsistent with the evidence (Tr. 19-20). Accordingly, the law judge concludes that the plaintiff's statements (as well as those of Dr. Vitalis) are "somewhat extreme given the evidence of record" (Tr. 20).

Notably, the law judge does not completely reject the plaintiff's complaints of pain. Rather, he finds them credible to the extent that they severely limit her to sedentary work. He only rejects the plaintiff's complaints to the extent that she claims to be totally disabled. The law judge's reasons – namely, the plaintiff's own statement that she can sit for prolonged periods, and the absence of medical findings indicating total disability – adequately support his credibility determination.

It is appropriate to add that the law judge also noted the plaintiff's daily activities, such as crocheting, assembling puzzles, and playing with the dog (Tr. 17). The plaintiff's activities also support the conclusion that the plaintiff's pain is not so great that she cannot function.

Furthermore, while the plaintiff uses a wheelchair, she is not wheelchair-bound. Thus, she acknowledges that she tries to do without it in the house (Tr. 712). She also states that she still drives some (Tr. 716). In

-15-

addition, the record shows trips to Wal-Mart (Tr. 335) and North Carolina (Tr. 633).

Under these circumstances, the evidence does not compel a reversal of the law judge's credibility determination.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ___ day of March, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE